| | | |
|---|---|---|
| HESHAM ISMAIL, | : | IN THE UNITED STATES DISTRICT COURT |
| Plaintiff | : | FOR THE EASTERN DITRICT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | CIVIL ACTION- LAW |
| | : | |
| TIMOTHY KOLMAN, ESQ. | : | NO. |
| And KOLMAN LAW, P.C., | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**AND NOW COMES** The Plaintiff, Hesham Ismail; by and through his attorneys, Rush Law Group, LLC and William R.A. Rush, Esquire, respectfully avers as follows:

1. The amount in question exceeds $75,000.

## PARTIES

2. Hesham Ismail is an adult individual with an address of 19 15th Street, Burlington, New Jersey, 08016.

3. Defendant Timothy Kolman, Esq. is a Pennsylvania licensed attorney with a business address of 414 Hulmeville Avenue, Penndel, PA 19047.

4. Defendant Kolman Law, P.C., is a Pennsylvania law firm with an address of 414 Hulmeville Avenue, Penndel, PA 19047.

5. Defendant Kolman is a shareholder in Defendant Kolman Law, P.C.

## FACTS

6. From March-July of 2015, the Plaintiff was employed as a project engineer by the company formerly known as Interstate Resource.

7. On July 18, 2015, the Plaintiff's employment was terminated by Interstate Resource.

8. The Plaintiff avers that he was wrongfully terminated as his termination was due to his religious background, as he is a practicing Muslim.

9. As such, in 2016, the Plaintiff timely filed a written charge of discrimination against his former employer with the Equal Employment Opportunity Commission ("EEOC").

10. On April 17, 2018, the Plaintiff received a "right to sue" letter from the EEOC.

11. At this time, the Plaintiff sought legal counsel to bring claims against Interstate Resources/its successors.

12. The Plaintiff's search for legal counsel led him to the Defendants, who advertised that they had expertise in employment law and related legal fields.

13. The Plaintiff met with Defendant Kolman to discuss the merits of his claim against Interstate Resource/DS Smith.

14. As a result of the conservation between the Plaintiff and Defendant Kolman, the Plaintiff entered into a contract with the Defendants by which the Defendants would provide legal representation to the Plaintiff in his claims against Interstate Resources/its successors and a written fee agreement was executed on May 29, 2018. (Fee Agreement attached hereto as "Exhibit A").

15. Per the terms of the contract, the Defendants were not entitled to a fee for representation unless recovery was made by the Plaintiff.

16. Per the terms of the contract, the Defendant's would be entitled to 40% of any fee recovered by the Plaintiff, plus costs accrued.

17. On July 10, 2018, the Plaintiff, through the Defendants, filed a civil suit in the United States District Court for the Eastern District of Pennsylvania DS Smith PLC, DS Smith Holdings, Inc., DS Smith Packaging Reading, DS Smith Reading Mill, United Corstack, LLC

and Interstate Resources as successors to Interstate Resources ("The Interstate Resources Successors") alleging liability as Interstate Resources had violated Title VII's prohibition against religious discrimination and retaliation, and also violated the Pennsylvania Human Relations Act.

18. On October 30, 2018, the matter was referred to United States Magistrate Judge Henry Perkin for mediation.

19. On April 3, 2019, a settlement conference was held, mediated by Magistrate Judge Perkin, during which the Plaintiff was represented by Defendant Kolman.

20. At the conclusion of the conference, the parties informed Magistrate Judge Perkin that a settlement had been reached.

21. The general terms of the settlement agreement were placed on the record that day, with the portion relevant to this claim being that the Plaintiff would receive $50,000, inclusive of all costs and attorney's fees.

22. Subsequent to the settlement conference, the reported settlement was reduced to writing.

23. The Plaintiff refused to execute the written settlement agreement, as he avers that subsequent to the settlement conference he learned that Defendant Kolman did not adequately explain to the Plaintiff his ability to recover attorney's fees through the suit, or the overall value of his claim.

24. As the Plaintiff refused to sign the written settlement agreement, both counsel for The Interstate Resource Successors and the Plaintiff sought to have the written settlement enforced.

25. On June 3, 2019, a hearing was held on counsel's joint request to inform the settlement agreement before Magistrate Judge Perkin.

26. At the hearing, the Plaintiff objected to the enforcement of the oral settlement agreement for the reasons set forth in Paragraph 23 of this Complaint and as he wished to exercise his right to refuse the settlement agreement contained in the written settlement agreement his attorney and opposing counsel sought to enforce.[1]

27. On June 19, 2019, Magistrate Judge Perkin issued a Report and Recommendation recommending that the written settlement agreement be enforced.

28. On July 3, 2019, the Plaintiff filed a *pro se* Notice of Objection to Magistrate's Report.

29. Between June 19 and July 3, 2019, the Plaintiff requested that Defendant Kolman file a Notice of Objection to Magistrate's Report, to which Defendant Kolman refused and withdrew representation.

30. After an evidentiary hearing held on November 22, 2019, United States District Judge Jeffrey L. Schmehl approved the Magistrate's Judge recommendation, having the effect of enforcing the written settlement the Plaintiff refused to sign,

31. Subsequent to Judge Schmehl's initial ruling which had the effect of enforcing the written agreement, the Plaintiff once again exercised his right pursuant to the written agreement to reject the settlement.

32. In response to the Plaintiff's attempt to nullify the settlement pursuant to the terms of the written agreement, on January 27, 2020, Judge Schmehl issued an amended Order enforcing the oral agreement placed on the record on April 3, 2019.

33. The Plaintiff filed a *pro se* appeal of Judge Schmehl's ruling to the Third Circuit Court of Appeals.

---

[1] The written settlement agreement drafted subsequent to the settlement conference which the Plaintiff's counsel and opposing counsel sought to enforce included provisions which allowed the Plaintiff to reject the settlement and have the matter proceed to trial.

34. The Third Circuit affirmed the lower court on February 16, 2021, enforcing the oral agreement of April 3, 2019.

35. On February 4, 2020, counsel for The Interstate Resources Successors issued to the Plaintiff a check in the amount of $16,647.10; his share of the $50,000 settlement agreement after said counsel directly paid the Defendants $20,000 in legal fees from the $50,000 settlement to the Defendants and the withholding of taxes.

36. The Plaintiff avers that leading up to and during the settlement conference of April 3, 2019, Defendant Kolman inaccurately advised the Plaintiff that his damages were limited to $36,000 in lost wages as opposed to back pay, front pay, compensatory damages, punitive damages, and costs and attorney's fees.

37. The Plaintiff avers that had this matter not settled and instead proceeded to trial and prevailed, the damages to which he would have been entitled to would not only far exceed the $36,000 figure quoted by Defendant Kolman, but also the actual settlement amount itself.

38. The Plaintiff avers that Defendant Kolman assured the Plaintiff at the settlement conference that the settlement would not be final until review and execution of a written agreement, and then moved to have the oral agreement enforced once the Plaintiff chose not to sign the written agreement.

39. Plaintiff never authorized any funds be set aside for tax purposes from this settlement agreement, and that the Defendant fraudulently submitted tax documents to counsel for Interstate Resources/its successors.

40. Plaintiff filed a contempt petition in the Eastern District to enforce this matter on November 9, 2023 against DS Smith PLC et al in <u>Ismail v. DS Smith PLC et al.</u>, 5:18-cv-02881 (the "prior action").

41. The Court scheduled a conference regarding the Petition in the prior action for March 18, 2024.

42. While the Court denied the motion on March 18, 2024, counsel for the original Defendants in the prior action confirmed they sent checks to the Defendants in the present case, but that all were issued to the same payee. None were designated to be set aside for taxes. Only the check for the attorney's fees was understood to be kept by Defendants. Counsel in the prior action believed that only attorney's fees would be taken by Defendants, and that any other arrangements would be negotiated between Plaintiff and Defendants.

43. Defendants apportioned Plaintiff's settlement proceeds for their own purposes.

44. Counsel for Plaintiff reached out to Defendants for their files pursuant to this matter and executed all appropriate releases, along with Plaintiff, to obtain these files and records.

45. To this day, despite complying with their needs, Defendants have refused to turn over Plaintiff's records to Plaintiff's counsel.

46. Further, despite being noticed and having knowledge of the alleged contemptuous actions in the matter docketed at <u>Ismail v. DS Smith PLC et al.</u>, 5:18-cv-02881, Defendants openly refused to attend the hearing.

47. Defendants appropriated Plaintiff's settlement proceeds unlawfully. Counsel for the prior action Defendants confirmed this on March 18, 2024 before the Court.

48. Plaintiff and the undersigned counsel became aware that Defendants chose to withhold $20,000.00 of their own accord on March 18, 2024.

**JURISDICTION**

49. This Court has diversity jurisdiction over this state claim as the Plaintiff is a citizen of New Jersey, the Defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000.

**COUNT I - BREACH OF CONTRACT**
**Plaintiff v. All Defendants**

50. Paragraphs 1-49 are incorporated herein as though set forth fully.

51. Defendants Timothy Kolman, Esq., individually and as an agent of Defendant Kolman Law, P.C., offered to provide legal services and representation to Plaintiff with regard to Plaintiff's employment related claims against the Interstate Resource Successors.

52. More specifically, Defendant Timothy Kolman, Esq., individually and as an agent of Defendant Kolman Law, P.C. offered to provide expertise in employment and wrongful termination law.

53. Further, Defendant Timothy Kolman, Esq., individually and as an agent of Defendant Kolman Law, P.C. offered to represent Plaintiff until a settlement was tendered and accepted by Plaintiff.

54. Plaintiff accepted this offer.

55. As such, Defendants Kolman and Kolman Law, P.C. entered into a contract with the Plaintiff.

56. This contract was evidenced by

a. Fee agreement;

b. Legal services and representation rendered.

57. The Defendants breached this contract in that Defendant Kolman failed to exercise the degree of knowledge, skill and care required to provide legal services in Plaintiff's claims against the Interstate Resource Successors.

58. Specifically, Defendant Kolman breached this contract by:

a. Inaccurately advising the Plaintiff that his damages were limited to $36,000 in lost wages as opposed to back pay, front pay, compensatory damages, punitive damages, and costs and attorney's fees.

b. Inaccurately advising the Plaintiff that the settlement agreement reached at the settlement conference was not enforceable until reduced to writing and executed.

c. Abandoning representation of Plaintiff after he objected to the settlement and before a final settlement was tendered and accepted.

d. Submitting illegal tax documents, causing more of the actual settlement to be withheld than necessary.

59. The Defendants further breached this contract in that Defendant Kolman was openly adversarial to the Plaintiff during representation, requesting Magistrate Judge Perkin enforce a settlement the Plaintiff did not wish enforced and refusing to file objections to the Magistrate Judge's Report.

60. The breach of this contract damaged Plaintiff in that it has:

a. Prevented the Plaintiff from recovering in excess of $50,000 as was likely should he had proceeded to trial;

b. Cost the Plaintiff $20,000 for legal services and representation not to the standard contracted.

**WHEREFORE**, the Plaintiff, Hesham Ismail, prays this Honorable Court enter judgment in his favor and against Defendants Timothy Kolman, Esq. and Kolman Law, P.C. for damages he would have recovered in the excess of the settlement amount, $20,000 in legal fees paid to the Defendants, costs, attorney's fees, punitive damages and whatever other relief this Court deems just.

### COUNT II- FRAUD
### Plaintiff v. All Defendants

61. Paragraphs 1-60 are incorporated herein as though set forth fully.

62. Defendants Timothy Kolman, Esq., individually and as an agent of Defendant Kolman Law, P.C., offered to provide legal services and representation to Plaintiff with regard to Plaintiff's employment related claims against the Interstate Resource Successors.

63. More specifically, Defendant Timothy Kolman, Esq., individually and as an agent of Defendant Kolman Law, P.C. offered to provide expertise in employment and wrongful termination law.

64. Plaintiff accepted this offer.

65. As such, Defendants Kolman and Kolman Law, P.C. entered into a contract with the Plaintiff.

66. This contract was evidenced by

   a. Fee agreement;

   b. Legal services and representation rendered.

67. Defendants made representations to Plaintiff, namely of the value of his case and the amount of the settlement he would receive.

68. Plaintiff relied upon this representation to make a decision to accept settlement in a specific amount.

69. Defendants misrepresented to Plaintiff how much money he would be receiving from the settlement that they induced Plaintiff to accept.

70. Defendants knew that Plaintiff was relying upon their known knowledge and their representations.

71. Plaintiff acted upon the representations of Defendants, and Defendants withheld $20,000.00 from the settlement to which they induced and advised him to enter.

72. Defendant further submitted fraudulent tax documents on Plaintiff's behalf to ensure their portion of the settlement (which they were not entitled to, and a settlement to which Plaintiff did not agree) was released.

73. Plaintiff did not authorize this.

74. Plaintiff was induced by Defendants to enter an agreement for two-thirds of $50,000.00, and Defendants kept nearly two-thirds of those proceeds.

**WHEREFORE**, the Plaintiff, Hesham Ismail, prays this Honorable Court enter judgment in his favor and against Defendants Timothy Kolman, Esq. and Kolman Law, P.C. for damages he would have recovered in the excess of the settlement amount, $20,000.00 in legal fees paid to the Defendants, costs, attorney's fees, punitive damages and whatever other relief this Court deems just.

Respectfully submitted,

By: **/s/ William R. A. Rush, Esq.**
William R.A. Rush, Esquire
Attorney I.D. 209596
38 N. 6th Street
Reading, PA 19601

## VERIFICATION

      I, Hesham Ismail, Plaintiff, verify that the statements made in this instrument are true and correct to the best of my ability. I understand that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: 10/22/2024

Signed by: Hesham Ismail