IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HESHAM ISMAIL** | : |
| | : CIVIL ACTION NO. |
| | : |
| Plaintiff, | : 2:24-cv-05610-GJP |
| | : |
| vs. | : |
| | : |
| **TIMOTHY KOLMAN ESQ.** | : |
| And **KOLMAN LAW,PC.**, | : |
| | : |
| Defendants. | : |

## MOTION FOR RULE 11 SANCTIONS

**AND NOW**, this 4th day of February 2025, upon Defendants serve this Motion on the Plaintiff pursuant to Fed.R.Civ.P. 11, and avers as follows.

1. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).

2. The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within twenty-one days after service, or within another time the court sets.

3. In this case, Defendants served the Rule 11 Motion on the Plaintiff's Attorney on February 4, twenty-one days (21) days before filing its motion for sanctions.

4. As such, the requirement of Rule 11(c)(2) is met.

5. Defendants requested that the Plaintiff's Complaint be withdrawn with prejudice because inter alia, the statute of limitations has run on both causes of action, the law

of the case is that it was settled with the full knowledge and consent of the Plaintiff, and the case has been brought in the wrong forum,

6. Plaintiff did not withdraw his complaint with prejudice or seek other benefit from the safe harbor provision of Rule 11.

7. Rule 11 requires the service of a motion to trigger the safe harbor period. The safe harbor provision allows parties to correct their errors. *In re Schaefer Salt Recovery, Inc., 542 F.3d 90 (3d Cir. 2008)*.

8. In this case, the Plaintiff may have been imputed to know about the Defendants' alleged fraud and malpractice in April 2019, yet he filed this lawsuit only in October 2024.

9. The Plaintiff settled his case in open court in April 2019 and a transcript of the record demonstrates Plaintiff agreed to accept Fifty-Thousand Dollars ($50,000.00) inclusive of legal fees.

10. This settlement was upheld by the magistrate judge, the federal judge to whom Plaintiff appealed, and the Third Circuit.

11. Having been thoroughly adjudicated, the matter is *res judicata* regarding the facts of the settlement and the Defendant's consent.

12. Plaintiff never raised a fraud in the inducement claim or breach of contract until October 2025 despite requesting his litigation file two years ago, which Defendants provided.

13. Plaintiff's complaint alleges misappropriation of Twenty Thousand Dollars ($20,000.00) on the part of Defendants.

14. Plaintiff is well aware that the Twenty Thousand Dollars ($20,000.00), referenced in the complaint as having been wrongly appropriated was Kolman Law PC's legal fees, which Plaintiff never indicated he would not pay.

15. There is no fraud claim, and if there were, it should have been pled with specificity and brought within two (2) years from April 2019.

16. Because the fraud claim fails, so does the request for punitive damages, as the only cause of action left is the alleged breach of contract for which punitive damages are not available.

17. This breach of contract cause of action also accrued in April 2019 when Plaintiff wished to repudiate the settlement and allegedly had reason to believe Defendants had breached their contract.

18. The statute for limitations for contracts is established under 42 Pa.C.S.A. § 5525(a)(8), which specifies that actions upon a contract, obligation, or liability founded upon a writing must be commenced within four (4) years (42 Pa.C.S.A. § 5525) This four (4)-year limitations period applies to various types of written contracts, including those for the sale, construction, or furnishing of tangible personal property or fixtures (42 Pa.C.S.A. § 5525).

19. Defendants are out of time.

20. The Twenty Thousand Dollars ($20,000.00) referred to in the complaint that the Defendants allegedly misappropriated was Kolman Law's lawful legal fee, or Forty Percent (40%) of Fifty Thousand Dollars ($50,000.00), which was unquestioned by any court.

21. Finally, nothing the Plaintiff has pled indicates this case is worth close to Seventy-Five Thousand Dollars ($75,000.00). The maximum loss Plaintiff has pled is only Twenty Thousand Dollars ($20,000.00)

22. Therefore, the Federal Court has no jurisdiction.

**WHEREFORE**, Defendants request, because of the frivolous nature of the complaint, failure to do adequate research, and pleading facts that do not exist, the Complaint should be dismissed with prejudice and costs and legal fees levied on Defendants in an amount to be determined by the Court.

Respectfully submitted,

**KOLMAN LAW, P.C.**

BY: _s/Tim Kolman_
Timothy M. Kolman, Esquire
414 Hulmeville Avenue
Penndel, Pennsylvania 19047
(215) 750-3134
tkolman@kolmanlaw.com

Date: February 4, 2025

**CERTIFICATE OF SERVICE**

    I, Timothy M. Kolman, Esquire, hereby certify that on this 4th day of February 2025, I caused a true and correct copy of the attached *Motion for Rule 11 Sanctions* to be served upon the following via e-mail:

**Mr. William R.A. Rush, Esquire**
Rush Law Group
38 N. 6th Street
P.O. Box 0758
Reading, Pennsylvania 19603
*Attorney for Plaintiff*

Respectfully submitted,

**KOLMAN LAW, P.C.**

BY:   *s/Tim Kolman*
Timothy M. Kolman, Esquire
414 Hulmeville Avenue
Penndel, Pennsylvania 19047
(215) 750-3134
tkolman@kolmanlaw.com

Date: February 4, 2025