**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HESHAM ISMAIL** | : | |
| | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | **2:24-cv-05610-GJP** |
| | : | |
| **vs.** | : | |
| | : | |
| **TIMOTHY KOLMAN ESQ.** | : | |
| **And KOLMAN LAW,PC.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

AND NOW, on the 4th day of March 2025, the Defendants file this Memorandum of Law in Support of their Motion for sanctions pursuant to Fed.R.Civ.P. 11 and aver as follows.

**I.    INTRODUCTION**

Plaintiff has filed his improvident complaint as the fifth in a series of his lawsuits arising out of a settlement of the case of *Ismail v. DS Smith* 18-2881. Despite settling the case in open court, pursuant to a colloquy before Magistrate Perkin, Plaintiff refused to sign the full and usual customary release, accusing Defendant Kolman of not informing him that if he went to trial and prevailed, he could get more than Thirty-Six Thousand Dollars ($36,000.00). However, irrespective of this speculation and accusation, the risks and benefits of Kolman's legal representation were spelled out in full in the fee agreement.

After Judge Perkin wrote a report and opinion affirming the Fifty Thousand Dollars ($50,000.00) settlement, Ismail appealed to Federal Judge Shmiel, who also affirmed the opinion. The Plaintiff then appealed to the Third Circuit, which upheld Judge Shmiel's order.

1

Bewilderingly, in an attempt to strong-arm Defendants, Ismail has manufactured a complaint with no basis in either fact or law. If Defendants were, in fact, liable to the Plaintiff, how is it they were never joined as Defendants or sued when Ismail alleged that Defendants' representation had fallen below the duty of care for attorneys? Not only has the statute of limitations long gone on both fraud and breach of contract, but fraud has not been pled with the particularity required, and there are neither facts nor documents to support the Plaintiff's claims. Neither, on the basis of the complaint, are punitive damages predicated.

Perhaps most compelling is Plaintiff's own admission in May 2020 that Defendants had deceived him. Finally, the damages requested are only Twenty Thousand Dollars ($20,000.00); lacking the Seventy-Five Thousand Dollars ($75,000.00) threshold, it is difficult to see how this court could maintain jurisdiction.

The complaint is so baseless across so many fronts that Defendants have filed their Rule 11 motion, which they respectfully request be granted.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 sets guidelines that counsel are expected to follow when making representations to the court. Rule 11(b)(2) requires:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .

> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

FED. R. CIV. P. 11(b)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction

2

on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV.

P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including fees, incurred for the motion." FED. R. CIV. P. 11(c)(2). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate or employee." FED. R. CIV. P. 11(c)(1).

"In determining whether to impose Rule 11 sanctions, a court must assess whether the attorney's conduct was reasonable under the circumstances." *Magerman v. Mercer*, No. 17-3490, 2018 U.S. Dist. LEXIS 17236, *6 (E.D. Pa. Feb. 2, 2018) (*citing Bus.Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991)). Reasonableness has been defined by this jurisdiction as "objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prod.*, 930 F.2d 277, 289 (3d Cir. 1991) (internal citations omitted). "This obligates the attorney to make a reasonable inquiry into the facts supporting the claim before signing the paper at issue." *CTC Imports & Exports v. Nigerian Petroleum Corp.*, 739 F. Supp. 966, 969 (E.D. Pa. 1980).

"[P]arties will not be entitled to continuing immunity if they acquire or should acquire knowledge under the Rule's standard before a later filing. Subsequent papers must be judged by information available when they are filed." *Gaiardo v. Ethy Corp.*, 835 F.2d 479, 484 (3d Cir. 1987). "[T]he Rule does not permit use of the 'pure heart and empty head' defense." *Id.* at 482 (*citing* SCHWARZER, SANCTIONS UNDER THE NEW RULE 11 -- A CLOSER LOOK, 104 F.R.D. 181,187 (1985)). "The Rule imposes an obligation on counsel and client analogous to the railroad crossing sign, 'Stop, Look and Listen.' It may be rephrased as 'Stop, Think, Investigate, and Research' before filing papers to initiate a suit or conduct the litigation. These obligations conform to those practices which responsible lawyers have always employed in vigorously representing

their clients while recognizing the court's duty to serve the public efficiently." *Id.* 482.

Here, Plaintiff's counsel has repeatedly disregarded the facts known to him regarding the statute of limitations, the particularity requirement in pleading fraud, and res judicata regarding Defendants' legal fees. Plaintiff's complaint also fails to plead a claim on which relief may be granted because it is speculative, conclusory, and without foundation.

### III.    ARGUMENT

### A.    The Statute of Limitations has run out on the Fraud and Breach of Contract and the Plaintiff knows it.

According to Plaintiff's complaint, sometime after the settlement conference on April 3, 2019, but before June 3, 2019, Plaintiff became dissatisfied with the settlement despite having agreed to it in open court. See Judge Perkin's Report and Opinion attached and incorporated as Exhibit 1.

The Plaintiff informed the Court that 'Timothy Kolman lied to him regarding his chances of recovery in this particular action during the mediation which took place on April 3, 2019.' See Exhibit 1 Page 2 ¶ 2.

Further, according to the email written by Ismail on May 8, 2019. See Exhibit 2, highlighted paragraph, wherein Plaintiff states, "I will NEVER sign this agreement achieved by deception."

This is when the Statute of Limitations started to run.

To redress injuries caused by intentional falsehoods – either false statements or deliberately concealed facts – Pennsylvania recognizes a civil action for fraud. *See Moser v. DeSetta*, 527 Pa. 157, 589 A.2d 679, 682 (1991) ("The concealment of a material fact can amount to a culpable misrepresentation no less than does an intentional false statement."). As developed in Pennsylvania common law, a fraud claim consists of six elements:

(1) (a) A misrepresentation or

(b) A concealment;

(2) Which is material to the transaction at hand;

(3) (a) Made with knowledge of its falsity or recklessness as to whether it is true or false (for a misrepresentation), or

(b) Calculated to deceive (for a concealment);

(4) With the intent of misleading another into relying on it;

(5) Justifiable reliance on the misrepresentation; and

(6) A resulting injury proximately caused by such reliance.

*See Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882, 889 & n.12 (1994); *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 545 (Pa. Super. Ct. 2005). To prevail, a fraud Plaintiff must prove each of those elements by clear and convincing evidence. *See Moser*, 589 A.2d at 682; *Gerfin v. Colonial Smelting & Refin. Co.*, 374 Pa. 66, 97 A.2d 71, 72 (1953). Upon such proof, a fraud Plaintiff may recover compensatory damages. *See Neuman v. Corn Exch. Nat'l Bank & Tr. Co.*, 356 Pa. 442, 51 A.2d 759, 766 (1947) (explaining that compensatory damages are recoverable for fraudulent misrepresentation claims); *Smith v. Renaut*, 387 Pa.Super. 299, 564 A.2d 188, 193 (1989) (same); *see also McShea v. City of Phila.*, 606 Pa. 88, 995 A.2d 334, 347 n.5 (2010) (Baer, J., dissenting) (explaining that a "tort Plaintiff usually recovers the \*206 actual damages or compensatory damages that she suffered because of the tort").[24]

A successful fraud Plaintiff may also recover punitive damages. But to do so requires the additional showing "that the Defendant has acted in an outrageous fashion due to either the Defendant's evil motive or [its] reckless indifference to the rights of others." *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439, 445 (2005) (internal quotation marks omitted); *see also Feld*

*v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747–48 (1984) ("Punitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive." (internal quotation marks omitted)). Thus, proof of the six elements of fraud without additional evidence of outrageous conduct enables a fraud Plaintiff to recover compensatory damages but not punitive damages. *See Pittsburgh Live, Inc. v. Servov*, 419 Pa.Super. 423, 615 A.2d 438, 442 (1992) (explaining that even when fraud supports an award of compensatory damages, "the same fraudulent conduct is not sufficient to [support] an award of punitive damages without more").

The six (6) elements of fraud apply to the two (2) subspecies of fraud claims related to the formation of contracts: fraudulent inducement and fraud in the execution. A claim for fraudulent inducement requires proof of the six elements and is available when a person under no duty to enter a contract was deceived into doing so. *See Coll. Watercolor Grp., Inc. v. William H. Newbauer, Inc.*, 468 Pa. 103, 360 A.2d 200, 206 (1976) (quoting Restatement (Second) of Contracts § 476 (1932)); *see also* Justin Sweet, *Promissory Fraud and the Parol Evidence Rule*, 49 Calif. L. Rev. 877, 888 (1961) ("Fraud in the inducement occurs when one party, by means of false statements of fact, warranties, or promises, misleads another into contracting.").

Under the relevant statute of limitations, a party has two years to sue for fraud. *See* 42 Pa. Stat. and Cons. Stat. § 5524(7). That period commences when a cause of action accrues. *See Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021).

*See In re Risperdal Litig.*, 656 Pa. 649, 223 A.3d 633, 640 (2019) (explaining that the discovery rule tolls the statute of limitations for the period that "an injury or its cause [are] not reasonably knowable"). It should be undisputed that Plaintiff had actual knowledge of Defendants' alleged fraud in May 2019. And such knowledge stops tolling under the discovery rule. *See Gleason*, 15 A.3d at 484. Apart from the fact that the Fraud cause of action lacks

specificity to be cognizable, the statute of limitations on this claim would have run out on May 8

2021, and the Contract cause of action, two (2) years later.

**B.   The Complaint Fails to Support Fraud and Punitive Damages and is Conclusory in Nature**

Plaintiff's complaint is extant with unfounded conclusions, bald and baseless statements,

and unfounded accusations.

For example, Plaintiff's complaint alleges in paragraph 23 that Plaintiff 'found out' that

Defendant Kolman did not adequately explain to Plaintiff his ability to recover attorney's fees

through the suit, of the overall value of his claim.' This is an arbitrary conclusion, especially

considering the opinion of Judge Perkin, who discusses the fee agreement in the case. The Plaintiff

was fully informed of the possibility of receiving legal fees and potentially being liable for the

Defendants in the event of loss.

The Plaintiff erroneously and without basis concludes, in paragraph 37, that if the matter

had gone to trial and he had prevailed, he would have been entitled to more than Thirty-Six

Thousand Dollars ($36,000.00). This is pure speculation.

In paragraph 39, Plaintiff states that he "never authorized any funds to be set aside for tax

purposes from this settlement agreement and that the Defendant "fraudulently submitted tax

documents to counsel for Interstate Resources/its successors." See Exhibit 3, wherein, the taxes

Plaintiff was required to apportion on his portion of the settlement were deducted by Interstate's

counsel and not the Defendants.

It is also blatantly false that checks were received by Defendants issued to the same payee.

Two (2) separate checks were issued, per Exhibit 3. Notably, Plaintiff does not attach the checks,

fails to identify the payee, and fails to explain how some of the funds were not to be set aside for taxes or what amount was wrongfully 'set aside' and by whom.

The same allegation that the checks were sent to the same payee is repeated in paragraph 42.

Paragraph 43 is a rank conclusion. 'Defendants apportioned Plaintiff's settlement proceeds for their own purposes." It is unclear what this even means. The Plaintiff agreed that Kolman was entitled to be paid, and the apportionment was made pursuant to the fee agreement signed by the Plaintiff, which was forty percent (40%) to the Defendants and sixty percent (60%) to the Plaintiff.

No money was ever apportioned by Kolman for his own purposes, as noted in the supporting opinions of Judge Shmiel and the Third Circuit. See Exhibit 4. The implication is that Defendants somehow benefited from an improper apportionment, but what 'their purposes" were and how Defendants benefited is not set forth.

In paragraph 47, the Plaintiff accuses the Defendant of taking, or stealing, the Plaintiff's settlement proceeds. The accusation is blatantly false and conclusory. What did the Defendants allegedly steal, how much, when, and how?

As far as the Plaintiff's records are concerned, this irrelevant section is included in the Complaint to prejudice the Court. Unfortunately for Plaintiff, Defendants have the documents proving that they provided all records Attorney Rush requested.[1] See Exhibit 5.

---

[1]    The firm switched its Case Management System after Hesham Ismail resolved his case at a Settlement Hearing before Judge Perkins on April 3, 2019. The case was closed on the Docket April 4, 2019. All closed cases in Defendants' offices were moved into a "Matter Archive", rather than creating a new case file in the new system when the Firm converted.  These files were pulled into zip drives.

The last correspondence received by Attorney Rush regarding the case file was on January 19, 2023.  There was a telephone conferences with the PAED on March 18, 2024, which the Rush Law Firm and Kolman Law firm were on, however nothing was stated or a called received that the case file did not arrive.  The next correspondence was February 4, 2025 where an automated message popped up.

Plaintiff states as a conclusion that 'Defendants appropriated Plaintiff's settlement proceeds unlawfully. Apparently, counsel for the prior action confirmed this on March 18, 2024, before the Court. Plaintiff fails to state how much was 'appropriated,' when the appropriation occurred, who counsel was who allegedly made that accusation, and in which court. The accusation is conclusory, and its basis is unfounded and unexplained.

This is also true of paragraph 48: "Plaintiff and the undersigned counsel became aware that Defendants chose to withhold Twenty Thousand Dollars ($20,000.00) of their own account on March 18, 2024." Defendants do not state whether the Twenty Thousand Dollars ($20,000.00) is, in fact, the Defendant's legal fee. Again, the paragraph is conclusory and lacks any necessary documentation or detail.

Plaintiff has failed to plead that Defendants calculated to deceive with the intent of misleading the Plaintiff. Even if there was justifiable reliance on a misrepresentation, the Defendants' alleged damages are entirely speculative.

Finally, there are no accusations that Defendant acted maliciously, wantonly, recklessly, willfully, or oppressively. As such, punitive damages are not predicated, and the Twenty Thousand Dollars ($20,000.00) demanded deprives the Court of jurisdiction.[2]

---

The firm did not hear from Attorney Rush again that he did not receive the zip drives.

[2] Plaintiff erroneously demands punitive damages for a breach of contract.

### C.  **The Matter is Res Judicata and Plaintiffs Claim is Precluded**

Application of the claim preclusive aspect of the res judicata doctrine requires a showing by Defendants that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *I.A.M. National Pension Fund v. Industrial Gear Manufacturing Co.,* 723 F.2d 944, 946–947 (D.C.Cir.1983) *citing Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).

There has been a final judgment on the issue of Plaintiff's knowing consent to the settlement of Fifty Thousand Dollars ($50,000.00). The Federal Court and the Third Circuit affirmed this. Further, the same parties are involved, and Plaintiff's subsequent suit (this one) is based on the exact causes of action.

### D.  **Over Twenty-One (21) Days' Notice was Given to the Plaintiff to Withdraw His Complaint**

The purpose of the 1993 Amendments to Rule 11 was to discourage satellite sanctions litigation by requiring notice to the adverse party of the infirmity of a pleading, and, thus, allow the offending party an opportunity for corrective action prior to the invocation of sanctions. Fed.R.Civ.P.11(b), (c) advisory committee's notes para. 14, 1993 amendments; *Progress Fed. Sav. Bank v. Lenders Ass'n, Inc.,* No. 94–7425, 1996 WL 57942, at *2 (E.D.Pa. Feb. 12, 1996); *Brenner Tool & Die, Inc. v. Crest Ultrasonics Corp.,* No. 93–6205, 1995 WL 80144, *1 (E.D.Pa. Feb. 27, 1995). *See also* Howard A. Cutler, *A Practitioner's Guide to the 1993 Amendments to Federal Rule to Civil Procedure 11,* 67 Temple L.Rev. 265, 294 (1994).

Defendants notified Plaintiff a month ago that they would file for Rule 11 Sanction if the complaint were not withdrawn. Defendants had more than the twenty-one (21) days to withdraw it and have not.  See Exhibit 6, letter and draft motion to Plaintiff's counsel.

10

IV.    **CONCLUSION**

In light of the foregoing, the Defendants request sanctions, legal fees, and the dismissal of the complaint with prejudice.

<div style="margin-left:50%">

Respectfully submitted,

**KOLMAN LAW, P.C**.

</div>

**BY**:    /s/ *Timothy M. Kolman*
Timothy M. Kolman, Esquire
414 Hulmeville Avenue
Penndel, Pennsylvania 19047
tkolman@kolmanlaw.com
(215) 750-3134
*Attorneys for Defendant*

Dated: March 4, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I, Timothy M. Kolman, Esquire, hereby certify that on this 4th day of March 2025, I caused a true and correct copy of the *Memorandum of Law in Support of Defendants' Motion for Rule 11 Sanctions* to be served upon all counsel of record via the Court's electronic filing system.

Respectfully submitted,

**KOLMAN LAW, P.C.**

**BY**:    /s/ *Timothy M. Kolman*
Timothy M. Kolman, Esquire
414 Hulmeville Avenue
Penndel, Pennsylvania 19047
tkolman@kolmanlaw.com
(215) 750-3134
*Attorneys for Defendant*

Dated: <u>March 4, 2025</u>

# EXHIBIT
# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HESHAM ISMAIL                          :
                                       :
            Plaintiff                  :
      vs.                              :        CIVIL ACTION NO. 18-2881 JLS
                                       :
DS SMITH PLC, et al                    :
                                       :
            Defendant                  :


Perkin, M.J.                                    Date:  June 19, 2019

## REPORT AND RECOMMENDATION

I.    **Relevant Procedural History**

On October 30, 2018, the Honorable Jeffrey S. Schmehl referred this matter to the

undersigned for the "purpose of scheduling and conducting a settlement conference". (Doc 13)

That conference took place on April 3, 2019 and resulted in a settlement of all claims by the

plaintiff against the defendant. The terms of settlement were placed on the record, the plaintiff

was questioned concerning the terms of settlement and agreed to the terms of settlement. The

Court then entered an order under Rule 41.1 (b) dismissing the case with prejudice and retaining

jurisdiction for a period of 90 days from that date for enforcement of settlement. (Doc 28)

Thereafter, plaintiff refused to sign a settlement agreement which was prepared by the defense

and reviewed and approved by plaintiff's counsel. Counsel for the plaintiff and counsel for the

defendant jointly requested that the court enforce the terms of settlement by a joint letter dated

May 21, 2019 which was placed on the record. (Doc 30).  The request for enforcement was

within the 90 days set in the Rule 41.1 (b) order. This Court has jurisdiction.

II.    **Plaintiff's Reasons for Not Signing the Settlement Agreement and the Court's**
       **Findings of Fact**

A hearing was held on Counsels' joint request to enforce the settlement on June 3, 2019.

The plaintiff, Hesham Ishmael was placed under oath and took the stand and was allowed to

testify in the narrative concerning his reasons for refusing to sign the settlement agreement. At

various points in time during his testimony the court asked specific questions.

The plaintiff contended that his attorney, Timothy Kolman lied to him regarding his

chances for recovery in this particular action during the mediation which took place on April 3,

2019. The court notes that the undersigned was present for many of the conferences that Mr.

Kolman had with the plaintiff during the mediation.  Defense counsel and defense representatives

were not present in these sessions which were confidential.  Plaintiff contended at the hearing

that his attorney incorrectly told him that he would not be able to get future damages and would

only get back pay and that he would not be able to have counsel fees awarded in this case. He

readily acknowledged that he was asked by the Court if he agreed to the terms of settlement and

understood that the amount of the settlement was a gross figure which was inclusive of counsel

fees and costs.  He admitted that he said he understood that but that it was based upon improper

advice given by his attorney. He also acknowledged that when I asked him if he had adequate

time to speak with his attorney he said "yes" and he agreed that he was well represented by

counsel.

At the time of the hearing in this matter he explained to the Court that after he agreed to

the terms of settlement he spoke with two of his friends who were lawyers.  He stated they told

him that he was not properly advised by counsel and that he settled the case for too low of a

figure. The court asked him to identify these lawyers and he declined to do so. The Court later

asked him whether these lawyers practice employment law and he indicated that they did not. He

said they were criminal lawyers. The Court asked him if these lawyers were going to represent

them if in fact the settlement was set aside. He stated they would not be representing him in that

they were not from this area. He said he would obtain other counsel.

He stated several times during his testimony that his case was worth at least $200,000. In

fact, his demand for settlement was $150,000 at the time of the settlement conference. He gave

no explanation as to why his case was worth $200,000 other than to say that it was a strong case

and that his attorney pushed him into a settlement for a sum which was significantly less than

$150,000.[1] He said he felt his lawyer pushed him so that he could make 40% of the agreed upon

number[2] without doing much work. He did indicate that he originally accepted the settlement

sum because he assumed that his lawyer would not undervalue the case since it would also

undervalue his fee. He now feels, however, that he was simply being pushed into a fast

settlement so as to keep the cost down and realize a monetary settlement early. He said his

lawyer lied to him about the value of the case and it was only based upon those lies that he

agreed to the monetary settlement sum.

The plaintiff complained specifically at the time of the hearing that he was never advised

---

[1] The actual settlement number is not being stated in this report and recommendation due to the fact that one of the terms of settlement was confidentiality with regard to the settlement sum. At the time of the settlement colloquy the actual settlement amount was expressed off the record. When the court went back on the record it then had the plaintiff acknowledge that it heard that number and that it was correct. Further, he agreed to that number during the settlement colloquy on the record.

[2] At the hearing in this matter the Plaintiff stated the gross settlement sum which was the correct.

3

that he could recover counsel fees if he prevailed at trial. In response to this assertion, the

plaintiff's counsel produced the fee agreement with the plaintiff which is dated May 29, 2018.

With no objection from the plaintiff, plaintiff's counsel or defense counsel, this agreement was

admitted into evidence as Joint Exhibit Number 1. A review of the agreement sets forth various

paragraphs which discuss the issue of recovery of fees. The plaintiff denies that the agreement

explains fee recovery in a fee shifting case. The agreement provides, in part, as follows:

> 2. Compensation to the Firm
>
> You hereby agree that this Firm shall be compensated for its
> services as follows:
>
> a) Any recovery or settlement received in this matter will be
> distributed sixty percent ·(60%) to you and forty percent (40%) to
> the Firm. The percentage for the Firm will be distributed before
> taxes, if any, are taken out from any settlement or recovery.
>
> b) It is agreed that the costs and expenses with regard to any
> negotiations and/or litigating this case, which shall include but not
> be limited to court costs, travel costs, deposition costs, long
> distance telephone calls, faxing and photocopying will be borne
> by the Firm and will be reimbursed to the Firm from your share of
> any proceeds.
>
> c) Costs will come off of the "top" of any settlement, judgment,
> verdict or otherwise adverse decision against the adverse party.
> For example, if the client was awarded a $10,000.00 judgment,
> the Firm is entitled to $4000.00 and the client is entitled to
> $6000.00 not including expenses and costs. If in the same
> example the Firm had $500.00 in expenses, they would come off
> the top before distribution, leaving $9500.00. In such an instance,
> the client would be entitled to $5700.00 and the Firm would be
> entitled $3800.00.
>
> d) In the event the Firm is awarded statutory attorneys fees from a
> judgment, verdict or an otherwise adverse decision against the
> adverse party, the Firm will credit such fees towards the

4

contingency split referenced herein.

e) For example, if the client was awarded a $ 10,000.00 judgment, the Firm is entitled to $4000.00 and the client is entitled to $6000.00 not including expenses and costs. If the Firm was awarded $1000.00 in attorneys fees from the adverse party, it will credit the judgment and take $3000.00 as opposed to $4000.00.

* * *

8. Offers of Judgment, Costs and Attorney's Fees

a.) Sometimes a defendant may present you with an offer of judgment, which is essentially a special type of settlement offer. Under this rule, if a settlement offer designated as an offer of judgment is made and the offer is rejected the final court decision is less favorable than the final offer that was made, then you may be subject to certain penalties which can include attorneys fees and costs. Although an unlikely occurrence the Firm has a duty to advise you of the possibility.

b.) Under the Federal Rules of Civil Procedure, the prevailing (or "winning") party is entitled to recover "costs", but not necessarily attorneys fees. Typical "costs" in litigation include deposition transcription costs and photocopying fees, but federal law encompasses a much larger range of recoverable costs. You hereby acknowledge that you will be liable for such costs in the event you do not prevail, either at trial or a dispositive motion filed by the defendant seeking to have your case thrown out of court. Kolman Ely, P .C. reserves the right to cover such costs at its discretion. If the Firm agrees to cover such costs, there must be a writing to make such an agreement effective.

c.) In some actions, a defendant may recover attorneys fees from you if the court finds that the action is completely lacking in merit While a fairly rare occurrence, the Firm is obligated to infom you of such a possibility. In other types of actions, fee shifting is mandatory. You agree that you have had ample opportunity to discuss this with an attorney at the Firm and further agree that you understand this potential consequence of bringing suit.

The agreement is quite comprehensive and does discuss the possibility of recovery of

costs which in some cases may include counsel fees. In addition, the agreement at several points

5

discusses and advises the client that he has the right to have this agreement reviewed by independent counsel.[3]

Counsel for the defendant produced the proposed written settlement agreement which was prepared in a timely fashion and provided to the plaintiff. Defense counsel stated at the hearing that it was reviewed by plaintiff's counsel with some suggestions for modifications which in fact were made and the agreement was then in final form for execution. Plaintiff's counsel confirmed this fact at the hearing. This unsigned agreement was received in evidence, without objection, as Joint Exhibit Number 2.[4] The plaintiff was shown the agreement and had an opportunity to review it on the stand and indicated that it was the agreement that was sent to him by his counsel, Mr. Kolman. He also indicated he refused to sign it for the reasons set forth in his testimony identified above.

The Court reviewed this draft agreement and it appears to the Court that it is in conformity with the terms of settlement that was placed on the record and agreed to by the plaintiff on April 3, 2019.[5]

III.   **Discussion**

Under Pennsylvania law settlement agreements are enforced according to the principles of contract law. *Mazella v. Koken,* 559 Pa. 216, 224 A.2d 531 (1999). These principles apply in this

---

[3]The full Kolman Ely PC fee agreement is attached to this Report and Recommendation in the Appendix.

[4] This unsigned agreement is attached to this report and recommendation in the appendix. The actual settlement number has been redacted by the Court in keeping with the parties agreement that the settlement figure shall remain confidential. The plaintiff did object to the redaction at the time of the hearing. He did not object to the introduction of the agreement into evidence. The Court overrules that objection and will maintain confidentiality of the settlement monetary sum.

[5] The settlement colloquy has been transcribed and is attached to this report and recommendation in the Appendix.

case. Once the settlement number was reached and the nonmonetary terms were discussed and agreed to, the Court on April 3, 2019, as it does in most cases, went into session and placed the settlement on the record. A colloquy then ensued between the court and the plaintiff which asked if he understood the settlement and realized that once it was agreed to, he would not be able to sue the defendant for any other sums of money or any other relief. He said he understood this aspect of the settlement. I also asked whether or not he had adequate time to discuss this matter with his attorney and he indicated that he had such necessary time to consult with counsel. I then asked him if he felt he was well represented this matter and he agreed that he was. At that point in time I commented that I agreed with his assessment as well. He then agreed to the terms of settlement.

     I also made it clear that there would be a written agreement that would be prepared by defense counsel and transmitted for review to the plaintiff's counsel. That occurred in a timely fashion.  In fact, when he was shown the proposed agreement in court, the plaintiff acknowledged that it was the agreement sent to him by his attorney. At the hearing on June 3, 2019 before the undersigned, he expressed no objections to any of the terms and that agreement other than the monetary amount. Although he refused to identify attorneys that he spoke with after the settlement was reached, he indicated that it was from discussion with these attorneys that he felt he was not given proper advice concerning the settlement amount in this case. He simply said that he was told that he has a strong case and he should settle for more. This is really a case of "buyers remorse" which is common. When people make important decisions in their lives, it is natural for them to question that decision subsequent to reaching the settlement. Nevertheless, the settlement conference in this matter, according to the minute entry entered by

the court, took four hours. The plaintiff had adequate time to discuss this matter with his attorney
and also met personally with the undersigned as the mediator in this case in separate and
confidential conversations regarding settlement. While the plaintiff may feel that his case was
strong there were many good reasons for him to consider a compromise settlement. The Court
understands that the termination of employment is a traumatic experience which often leads to a
belief that they are entitled to large sums of money for being fired. A review of the summaries
counsel presented to the undersigned in preparation for in the mediation of April 3, 2019, clearly
demonstrate that it would be very possible for a jury to reach a defense verdict. That risk of
litigation is what leads to settlements in most cases and the undersigned believes that the risk in
this case was significant.[6]

In this case the court finds that all of the elements of the contract are present. A
settlement offer was made which was accepted as indicated in the settlement colloquy of April 3,
2019. Consideration for the settlement was the mutual promises of the parties – the defendant to
pay money and the defendant to terminate the litigation and release any claims. The plaintiff
testified that his agreement was based upon lies told to him by his counsel. After hearing
plaintiff's testimony the court is not aware of any fraudulent inducement to enter into the
agreement. The settlement was placed on the record and the colloquy demonstrates that the
plaintiff made a knowing decision to settle the case and was given fair opportunity to discuss this
matter with his attorney. Simply changing your mind, even after speaking with another attorney,
is not grounds or cause to set the settlement aside.  The reasons for refusing to complete the

---

[6] The summaries submitted by counsel for the mediation held on April 3, 2019 are attached in the Appendix
to this Report and Recommendation.

settlement process proffered by plaintiff are not "cause" to set aside the settlement. EDPA Rule

of Civil Procedure 41.1(b).[7]  Courts in the Eastern District have granted motions to enforce

unsigned settlement agreements when there is no dispute over the terms of the agreement. See

*Kasser Industries, Inc. v. Yohalem Gillman & Co.*, No. 89–6640, 1990 U.S. Dist. LEXIS 7689,

1990 WL 87509 (E.D. Pa. June 18, 1990).   While the plaintiff testified that he received

subsequent, gratuitous, legal advice from friends who happened to be lawyers practicing criminal

law, it doesn't change the fact that he agreed to the terms of this agreement as demonstrated by

the colloquy of April 3, 2019.  He simply assumes the subsequent advice he received was correct.

Second thoughts and regrets are not good cause to set aside a settlement.

IV.     **Recommendation**

The undersigned recommends that the settlement agreement presented as Joint Exhibit 2

shall be enforced upon its terms whether the plaintiff signs the agreement or continues to refuse

to do so.


Submitted,


  /S/ Henry S. Perkin
Henry S. Perkin
United States Magistrate Judge


Date: June 19, 2019

_____

[7]To be clear, at no time has the plaintiff filed a motion to set aside the settlement for "cause shown"
pursuant to EDPA Rule of Civil Procedure 41.1(b).  This proceeding is a request for enforcement of the settlement
by counsel.

# EXHIBIT
# 2

**Kathleen A. Carrozza**

| | |
|---|---|
| **From:** | Hesham Ismail <hesham.i@hotmail.com> |
| **Sent:** | Wednesday, May 8, 2019 5:19 PM |
| **To:** | Timothy Kolman |
| **Cc:** | Kat Carrozza; Barbara Cook; Robert Stineman |
| **Subject:** | Re: Letter and Documents regarding your Case |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Kolman,

During the court date of April 3rd, you claimed that the settlement amount of $50K was the best that i could get if i went to trial and therefore to settle now. You neglected to mention that i would only keep $30K now but if i went to trial, i would keep the full $50K. When i discussed the unfairness of getting only $30K during lunch, you said that the "law is a blunt instrument". You refused to mention that i would keep the full $50K if i go to trial and win. I will NEVER sign this agreement achieved by deception. If you would like to continue being my lawyer, please let me know when the next trial date will be.

Hesham

---

**From:** Timothy Kolman <tkolman@Kolmanlaw.net>
**Sent:** Wednesday, May 8, 2019 4:40 PM
**To:** Hesham Ismail
**Cc:** Kat Carrozza; Barbara Cook; Robert Stineman
**Subject:** Letter and Documents regarding your Case

Please find attached a letter outlining your signed Fee Agreement, a copy of your Signed Fee Agreement dated May 29, 2018 and the Settlement Agreement Paperwork with respect to your Court Hearing that was held on _____2019.

I highlighted the Fee Agreement and explained where you were notified of all settlement aspects of your case.  By signing the Fee Agreement, you acknowledged an understanding of all elements contained within.  This also included our recommendation to seek Independent Counsel to review the document prior to signing if you chose to do so.  As you see, by signing the Agreement, that stipulates that either you did speak with Independent counsel or waived your right to do so.

Also is a copy of the Settlement Agreement for your signature.  Please also complete all portion of the W4.  All of these documents were also sent to you via U.S. Mail so that the original signatures may be returned.  Once we receive these document, they will be sent to opposing counsel for signature and completion of checks being issued.

Thank You

Tim

***Timothy M. Kolman, Esquire***
KOLMAN LAW, P.C.
414 Hulmeville Avenue

1

Penndel, Pennsylvania 19047
(215) 750-3134
(215) 750-3138 - Fax

www.kolmanelypc.com

This e-mail communication is intended only for the use of the recipient(s) named above. This communication (or its attachments, if any) may contain information that is confidential, sensitive, protected by the attorney-client privilege, or subject to other protections.   If you have received this communication in error and are not an intended recipient, you are advised that any review, use, forwarding, distribution or disclosure of its contents is strictly prohibited and that any inadvertent receipt is not to be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other protection to which this communication may be subject.  If you are not the intended recipient (or an agent or employee authorized to receive this communication for the intended recipient), please contact the sender immediately by reply e-mail or by telephone at (215) 750-3134 and delete all copies of this communication from your computer. Please be advised that sending an e-mail to this law firm, or receipt of an e-mail from this law firm, does not establish an attorney-client relationship with any attorney, or with the firm, in the absence of an executed written fee agreement personally signed by you and a representative of the firm, and that no e-mail communications or other correspondence sent to or received from this law firm shall be deemed to modify the terms of any currently-existing written fee agreement in the absence of a written modification agreement personally signed by you and a representative of the firm.
IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with Treasury Department regulations, we inform you that the information contained in this communication or its attachments is not written or intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.  Nothing in this communication is intended to meet the "covered opinion" test or to constitute tax advice.

# EXHIBIT
# 3

**Kathleen A. Carrozza**

| | |
|---|---|
| **From:** | Kaye, Marjorie N., Jr. (Philadelphia) <Marjorie.Kaye@jacksonlewis.com> |
| **Sent:** | Thursday, February 6, 2020 5:22 PM |
| **To:** | Hesham Ismail |
| **Cc:** | Timothy M. Kolman, Esq. |
| **Subject:** | RE: Check |

Dear Mr. Ismail,

The check you received represents your share of the settlement proceeds (as reflected in your agreement with Mr. Kolman) less applicable taxes.  The money is treated as wages, as it must be, under the IRS Code.

Mr. Kolman is copied here.  Any disagreement you have relative to the legal fees should be directed to Mr. Kolman's firm, not to us.

We received your appeal today.

Sincerely,

Marjorie Kaye


**Marjorie Kaye Jr.**
Attorney at Law
**Jackson Lewis P.C.**
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
Direct: (267) 319-7816 | Main: (267) 319-7802
Marjorie.Kaye@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Hesham Ismail <Hesham.i@hotmail.com>
**Sent:** Thursday, February 6, 2020 5:15 PM
**To:** Kaye, Marjorie N., Jr. (Philadelphia) <Marjorie.Kaye@jacksonlewis.com>
**Subject:** Check

Marjorie,

I just received a check for $16K out of $29K. I am confused. The settlement amount was for $50K in which after legal fees per Joint exhibit 2 written agreement, i get $30K. Where is the rest?

Also, per the January 6 ruling to enforce the oral agreement,  the oral agreement requires $50K to Hesham Ismail. No payment to lawyer was discussed. My legal fees are for me to pay, not you.  This check makes no sense and will not be deposited.

Please note i already filed an appeal with the 3rd circuit. You should also have received the appeal today as well.

Hesham

# EXHIBIT
# 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HESHAM ISMAIL** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 18-2881** |
| | : | |
| **DS SMITH HOLDINGS, INC., et al.** | : | |

## O R D E R

     **AND NOW,** this 30th  day of October, 2018, it is hereby **ORDERED** that this matter is **REFERRED** to United States Magistrate Judge Henry S. Perkin for the purpose of scheduling and conducting a settlement conference.

                              **BY THE COURT:**


                              **/s/ Jeffrey L. Schmehl**
                              **JEFFREY L. SCHMEHL, J.**

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 19-2465

Hesham Ismail v. DS Smith Holdings Inc, et al

(U.S. District Court No.: 5-18-cv-02881)

## ORDER

In accordance with the motion by the appellant in the above-captioned case, the matter is hereby dismissed pursuant to Fed. R. App. P. 42(b), without cost to either party. A certified copy of this order is issued in lieu of a formal mandate.

For the Court,

s/ Patricia S. Dodszuweit
Clerk

Dated:    October 10, 2019
CLW/cc:  Ms. Kate Barkman
          Mr. Hesham Ismail
          Marjorie N. Kaye Jr., Esq.
          John M. Nolan, Esq.

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate

# EXHIBIT
# 5

## Kathleen A. Carrozza

| | |
|---|---|
| **From:** | Kolman Law Client Care <Client_Care@KolmanLaw.com> |
| **Sent:** | Wednesday, August 17, 2022 3:32 PM |
| **To:** | wrush@rushlaw.com |
| **Cc:** | Timothy M. Kolman, Esq. |
| **Subject:** | Hesham Ismail v. DS Smith Holdings, et al |
| **Attachments:** | FILED - Complaint.pdf; FILED - Ans with Defenses 091418 [ECF 7].pdf; ORDER - case settled - action dismissed 040419 [ECF 28].pdf; 36 - Report and Recommendation 061919.pdf; FILED - Notice of Objection 070319 [ECF 40].pdf; 50 - ORDER - DENIED RE-OPENING CASE ISMAIL 123019.pdf |

Attorney Rush,

I am unable to provide attorney/client information, however filings from the docket should assist you with Mr. Ismail's closed case.

Attached to this email are court filed documents:

1. [ECF 1] Complaint
2. [ECF 7]  Answer with Defense by Defendant
3. [ECF 28] Order – Case Settled - Action Dismissed
4. [ECF 36] Report and Recommendation by United States District Judge Henry S. Perkins, dated June 19, 2019
5. [ECF 40] Notice of Objection
6. [ECF 50] Order – Plaintiff's request made by letter to restore this case to the Court's Docket is DENIED

There was also this from the Third Circuit Court of Appeals.

Appeals Court for Third Circuit ORDER – Motion by appellant is hereby dismissed pursuant to Fed. R. App. P 42(b)

Once the case was closed and settled, I did not monitor any of what Mr. Ismail was doing as Pro Se.

If I can of additional assistance, please do not hesitate to reach out to us.

Kat Carrozza

**Kolman Law Client Care**
p:  +1 215-750-3134  |  f:  +1 215-750-3138
e:  Client_Care@KolmanLaw.com
414 Hulmeville Avenue
Penndel, PA  19047



This e-mail communication is intended only for the use of the recipient(s) named above. This communication (or its attachments, if any) may contain information that is confidential, sensitive, protected by the attorney-client privilege, or subject to other protections. If you have received this communication in error and are not an intended recipient, you are advised that any review, use, forwarding, distribution or disclosure of its contents is strictly prohibited and that any inadvertent receipt is not to be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other protection to which this communication may be subject. If you are not the intended recipient (or an agent or employee authorized to receive this communication for the intended recipient), please contact the sender immediately by reply e-mail or by telephone at (215) 750-3134 and delete all copies of this communication from your computer.

Please be advised that sending an e-mail to this law firm, or receipt of an e-mail from this law firm, does not establish an attorney-client relationship with any attorney, or with the firm, in the absence of an executed written fee agreement personally signed by you and a representative of the firm, and that no e-mail communications or other correspondence sent to or received from this law firm shall be deemed to modify the terms of any currently-existing written fee agreement in the absence of a written modification agreement personally signed by you and a representative of the firm. IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with Treasury Department regulations, we inform you that the information contained in this communication or its attachments is not written or intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein. Nothing in this communication is intended to meet the "covered opinion" test or to constitute tax advice.

# EXHIBIT
# 6

**Sarra Small**

| | |
|---|---|
| **From:** | Sarra Small |
| **Sent:** | Tuesday, February 4, 2025 9:38 PM |
| **To:** | wrush@rushlawberks.com |
| **Cc:** | Timothy M. Kolman, Esq.; Kathleen A. Carrozza |
| **Subject:** | Ismail v. Kolman et al |
| **Attachments:** | ISMAIL -2025.02.03 - LTR. TO ATTY. RUSH.pdf; ISMAIL - FORM RULE 11 MOTION.pdf |
| | |
| **Importance:** | High |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | wrush@rushlawberks.com | |
| | Timothy M. Kolman, Esq. | Read: 2/27/2025 3:08 PM |
| | Kathleen A. Carrozza | |

Good evening, Mr. Rush,

Kindly see attached from Attorney Kolman concerning the above-referenced matter.

Thank you,

**Sarra Small** | Paralegal
p: +1 215-750-3134 | f: +1 215-750-3138
e: SSmall@KolmanLaw.com
414 Hulmeville Avenue
Penndel, PA 19047



This e-mail communication is intended only for the use of the recipient(s) named above. This communication (or its attachments, if any) may contain information that is confidential, sensitive, protected by the attorney-client privilege, or subject to other protections. If you have received this communication in error and are not an intended recipient, you are advised that any review, use, forwarding, distribution or disclosure of its contents is strictly prohibited and that any inadvertent receipt is not to be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other protection to which this communication may be subject. If you are not the intended recipient (or an agent or employee authorized to receive this communication for the intended recipient), please contact the sender immediately by reply e-mail or by telephone at (215) 750-3134 and delete all copies of this communication from your computer.

Please be advised that sending an e-mail to this law firm, or receipt of an e-mail from this law firm, does not establish an attorney-client relationship with any attorney, or with the firm, in the absence of an executed written fee agreement personally signed by you and a representative of the firm, and that no e-mail communications or other correspondence sent to or received from this law firm shall be deemed to modify the terms of any currently-existing written fee agreement in the absence of a written modification agreement personally signed by you and a representative of the firm. IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with Treasury Department regulations, we inform you that the information contained in this communication or its attachments is not written or intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein. Nothing in this communication is intended to meet the "covered opinion" test or to constitute tax advice.



414 Hulmeville Ave                                                    Tel:  (215) 750-3134
Penndel, PA 19047                                                     Fax:  (215) 750-3138
https://kolmanlaw.com                                          Kolman@KolmanLaw.com

February 4, 2025

*__Sent Via Email:__ ([wrush@rushlawberks.com](mailto:wrush@rushlawberks.com))*
Attn.: Mr. William R.A. Rush, Esquire
Rush Law Group
38 N. 6th Street
P.O. Box 0758
Reading, Pennsylvania 19603


          RE.:    **Ismail v. Kolman et al**
                  **PAED Docket No. 24-CV-05610**


Dear Mr. Rush;

        Be advised the attached motion is being sent to you pursuant to Rule 11 of the Federal
Rules of Civil Procedure, which the Third Circuit has described "imposes an obligation on
counsel and client analogous to the railroad crossing sign, 'Stop, Look and Listen.' In other
words, 'Stop, Think, Investigate and Research' before filing papers either to initiate a suit or
to conduct the litigation are obligations that responsible lawyers have always employed in
vigorously representing their clients while recognizing the court's duty to serve the public
efficiently." *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir. 1987).

        Unless the complaint against me and my law firm is dismissed with prejudice within the
next twenty-one (21) days, I will be forced to file the attached Rule 11 Motion in Court. At
that time, I will request legal fees and other sanctions.
Please guide yourself accordingly.
.


                                         Very truly yours,

                                         **KOLMAN LAW P.C.**
                                         */s/ Timothy M. Kolman*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HESHAM ISMAIL** | : | |
| | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | **2:24-cv-05610-GJP** |
| | : | |
| **vs.** | : | |
| | : | |
| **TIMOTHY KOLMAN ESQ.** | : | |
| **And KOLMAN LAW,PC.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MOTION FOR RULE 11 SANCTIONS</u>

**AND NOW**, this 4th day of February 2025, upon Defendants serve this Motion on the Plaintiff pursuant to Fed.R.Civ.P. 11, and avers as follows.

1. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).

2. The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within twenty-one days after service, or within another time the court sets.

3. In this case, Defendants served the Rule 11 Motion on the Plaintiff's Attorney on February 4, twenty-one days (21) days before filing its motion for sanctions.

4. As such, the requirement of Rule 11(c)(2) is met.

5. Defendants requested that the Plaintiff's Complaint be withdrawn with prejudice because inter alia, the statute of limitations has run on both causes of action, the law

of the case is that it was settled with the full knowledge and consent of the Plaintiff, and the case has been brought in the wrong forum,

6.  Plaintiff did not withdraw his complaint with prejudice or seek other benefit from the safe harbor provision of Rule 11.

7.  Rule 11 requires the service of a motion to trigger the safe harbor period. The safe harbor provision allows parties to correct their errors. *In re Schaefer Salt Recovery, Inc., 542 F.3d 90 (3d Cir. 2008).*

8.  In this case, the Plaintiff may have been imputed to know about the Defendants' alleged fraud and malpractice in April 2019, yet he filed this lawsuit only in October 2024.

9.  The Plaintiff settled his case in open court in April 2019 and a transcript of the record demonstrates Plaintiff agreed to accept Fifty-Thousand Dollars ($50,000.00) inclusive of legal fees.

10. This settlement was upheld by the magistrate judge, the federal judge to whom Plaintiff appealed, and the Third Circuit.

11. Having been thoroughly adjudicated, the matter is *res judicata* regarding the facts of the settlement and the Defendant's consent.

12. Plaintiff never raised a fraud in the inducement claim or breach of contract until October 2025 despite requesting his litigation file two years ago, which Defendants provided.

13. Plaintiff's complaint alleges misappropriation of Twenty Thousand Dollars ($20,000.00) on the part of Defendants.

14. Plaintiff is well aware that the Twenty Thousand Dollars ($20,000.00), referenced in the complaint as having been wrongly appropriated was Kolman Law PC's legal fees, which Plaintiff never indicated he would not pay.

15. There is no fraud claim, and if there were, it should have been pled with specificity and brought within two (2) years from April 2019.

16. Because the fraud claim fails, so does the request for punitive damages, as the only cause of action left is the alleged breach of contract for which punitive damages are not available.

17. This breach of contract cause of action also accrued in April 2019 when Plaintiff wished to repudiate the settlement and allegedly had reason to believe Defendants had breached their contract.

18. The statute for limitations for contracts is established under 42 Pa.C.S.A. § 5525(a)(8), which specifies that actions upon a contract, obligation, or liability founded upon a writing must be commenced within four (4) years (42 Pa.C.S.A. § 5525) This four (4)-year limitations period applies to various types of written contracts, including those for the sale, construction, or furnishing of tangible personal property or fixtures (42 Pa.C.S.A. § 5525).

19. Defendants are out of time.

20. The Twenty Thousand Dollars ($20,000.00) referred to in the complaint that the Defendants allegedly misappropriated was Kolman Law's lawful legal fee, or Forty Percent (40%) of Fifty Thousand Dollars ($50,000.00), which was unquestioned by any court.

21. Finally, nothing the Plaintiff has pled indicates this case is worth close to Seventy-Five Thousand Dollars ($75,000.00). The maximum loss Plaintiff has pled is only Twenty Thousand Dollars ($20,000.00)

22. Therefore, the Federal Court has no jurisdiction.

**WHEREFORE**, Defendants request, because of the frivolous nature of the complaint, failure to do adequate research, and pleading facts that do not exist, the Complaint should be dismissed with prejudice and costs and legal fees levied on Defendants in an amount to be determined by the Court.

Respectfully submitted,

**KOLMAN LAW, P.C.**

BY:     _s/Tim Kolman_
        Timothy M. Kolman, Esquire
        414 Hulmeville Avenue
        Penndel, Pennsylvania 19047
        (215) 750-3134
        tkolman@kolmanlaw.com

Date: February 4, 2025

## <u>CERTIFICATE OF SERVICE</u>

       I, Timothy M. Kolman, Esquire, hereby certify that on this 4th day of February 2025, I caused a true and correct copy of the attached *Motion for Rule 11 Sanctions* to be served upon the following via e-mail:

<div align="center">

**Mr. William R.A. Rush, Esquire**

Rush Law Group

38 N. 6th Street

P.O. Box 0758

Reading, Pennsylvania 19603

*Attorney for Plaintiff*

</div>

Respectfully submitted,

**KOLMAN LAW, P.C.**

BY:    *s/Tim Kolman*

Timothy M. Kolman, Esquire

414 Hulmeville Avenue

Penndel, Pennsylvania 19047

(215) 750-3134

tkolman@kolmanlaw.com

Date: <u>February 4, 2025</u>

**Sarra Small**

---

| | |
|---|---|
| **From:** | William Rush <wrush@rushlawberks.com> |
| **Sent:** | Tuesday, February 4, 2025 9:38 PM |
| **To:** | Sarra Small |
| **Subject:** | Automatic reply: Ismail v. Kolman et al |

Due to higher than normal trial and court appearances, many of which require travel, please expect delays in reply emails for the next several weeks. Thank you for your understanding.